BEFORE THE FIRST DIVISION, AUGUST 26, 1964

**No. 68747.**—Mike Mendelson & Associates *v.* United States, protest 62/8310 (Los Angeles).

OLIVER, Chief Judge:    This protest relates to merchandise, described on the commercial invoice as "GREEN JADE, CUT & POLISHED (LOOSE PIECES)," which

was imported with merchandise described on the same commercial invoice as "14K YELLOW GOLD JEWELRY FINDINGS." The collector classified the two items as entireties and assessed duty thereon at the rate of 30 per centum ad valorem under the provision for jewelry, in paragraph 1527(a)(1) of the Tariff Act of 1930, as modified by T.D. 52739. Plaintiff claims that the said items are not entireties and that the pieces of green jade are properly classifiable as separate entities, dutiable at the rate of 5 per centum ad valorem under the provision in paragraph 1528 of the Tariff Act of 1930, as modified by T.D. 51802, for precious and semiprecious stones, cut but not set, and suitable for use in the manufacture of jewelry.

The uncontradicted testimony of the sole owner of the plaintiff corporation, an importer of precious and semiprecious stones, including jade, and a manufacturer and designer of miscellaneous items of jewelry, shows that the loose pieces of jade and the findings covered by the shipment under consideration were ordered separately; that the findings, which are component parts of jewelry, are standard items; and that the loose jade consists of special pieces used in the manufacture of more expensive jewelry. Plaintiff's testimony shows further that the findings and pieces of jade are never used together and that they are not susceptible, or capable, of use as entireties. The findings were ordered from samples, showing size and weight, and were used as components in the makeup of hematite earrings and bracelets. The pieces of loose jade in question were fitted into special rings which did not have any of these findings. In fact, the pieces of jade involved herein would not fit any of the findings included in the shipment under discussion.

In *B. Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T.D. 41232, our appellate court, discussing the tariff doctrine of entireties, stated that—

> * * * if an importer brings into the country, at the same time, certain parts, which are designed to form, when joined or attached together, a complete article of commerce, and when it is further shown that the importer intends to so use them, these parts will be considered for tariff purposes as entireties, even though they may be unattached or inclosed in separate packages, and even though said parts might have a commercial value and be salable separately.

Under the foregoing judicial pronouncement, the findings and the pieces of jade under discussion are not entireties. They are neither designed for use, nor actually used together to form a complete article of commerce. They are separate entities, individually identifiable. There is no relation between the two items. Neither is essential to the completeness of the other. Under such circumstances, the principle of entireties for tariff purposes cannot apply. *United States* v. *John Wanamaker, Philadelphia, Inc.*, 20 CCPA 367, T.D. 46132.

On the basis of the present record and for all of the reasons hereinabove set forth, we hold the two items in question to be properly classifiable as separate entities. The findings are classifiable as parts of jewelry under paragraph 1527 (a)(1), as modified, *supra*, with a duty assessment at the rate of 30 per centum ad valorem, as applied by the collector. The pieces of jade, susceptible of use in the manufacture of jewelry, and being concededly precious or semiprecious stones, cut and polished, are dutiable at the rate of 5 per centum ad valorem under the specific provision therefor in paragraph 1528, as modified, *supra*, as claimed by plaintiff.

Consideration has been given to all of the cases cited in the briefs filed by counsel for the respective parties. Reference herein has been made to such cases deemed necessary to support the reasoning followed and the conclusion reached.

The protest is sustained and judgment will be rendered accordingly.